908 F.2d 967
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lester R. MOORE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2850.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 7, 1990.
Decided: June 27, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-88-616-2).
 Gregory W. Evers, Franklin W. Kern, L.C., Charleston, W.Va., for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Jacquelyn Cusumano, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa.; Michael W. Carey, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Lester R. Moore appeals the denial of his applications for disability insurance benefits and supplemental security income. The case is before us for review of an order of the district court which affirmed the decision of the Secretary denying such benefits. Because we find that the Secretary's final decision is supported by substantial evidence, we affirm.
 
 
 2
 Moore alleged that he became disabled in May 1984 as a result of an injury suffered to his right knee at work on April 9, 1984, and arthritis in his hands which prevented gripping. Moore had worked in the coal mining industry in jobs classified as heavy work from 1969 until May 1984. At the time of his knee injury, he was thirty-six years old.
 
 
 3
 Moore later added complaints of back, hip, visual, kidney, liver, diabetic, circulatory, and high blood pressure problems. In addition to Moore's 1984 injury to his right knee, there is evidence of an injury from hitting his left knee on a switch on a tractor in 1976, an injury from a roof bolt drill piece hitting his right thumb in 1978, an electrical shock from stepping on a cable in 1978, a foot injury from stepping on a nail in 1978, a strained right knee in 1979, a mild chemical burn in his right eye in 1979, a strained lower back from shoveling coal in 1979, and an injury from catching his right hand between two pieces of pipe in 1982.
 
 
 4
 The Secretary found that Moore was unable to perform his past relevant work as a coal miner but that Moore retained the residual functional capacity to perform sedentary work. This finding was based on the fact that the primary treating physician, Dr. VanUden, and two examining physicians, Dr. Santrock and Dr. Abplanalp, gave no indication that Moore had impairments that would preclude sedentary work and the opinion of a vocational expert in response to hypothetical questions that Moore could perform sedentary work.
 
 
 5
 Moore argues that the hypothetical questions posed to the vocational expert did not fairly set out all of his impairments, since they did not include the impairments due to his alleged health problems beyond the injury to his right knee and limited hand problems. However, there is at least some evidence in the record that Moore's impairments beyond those outlined in the hypotheticals were not serious enough to affect his ability to perform other jobs. Particularly, it is notable that even after the injuries to his left knee, back and eye and the onset of high blood pressure and mild diabetes, Moore continued to perform heavy work. Therefore, it is reasonable that the Secretary would have discounted testimony as to the severity of these impairments as relates to the performance of sedentary work.
 
 
 6
 While Moore argues that the Secretary did not adequately discuss and evaluate the medical and testimonial evidence, we find that Moore's evidence was properly considered and rejected in the face of substantial contrary evidence. Because the court should not resolve conflicts in the evidence, but rather should weigh conflicting evidence only insofar as is necessary to determine that the evidence in support of the decision is substantial in relation to the evidence as a whole, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir.1964), reversal here would be improper.
 
 
 7
 We granted appellant's motion to submit this appeal on the briefs without oral argument. On review of the record as a whole, including testimony of Moore's alleged impairments and pain and the testimony of the vocational expert in response to hypothetical questions based on the findings of the Secretary, we hold that there is substantial evidence to support the decision that there are jobs which Moore can perform despite his limitations. The claimant is accordingly not disabled within the provisions of the Social Security Act.
 
 AFFIRMED